**Igor YUHTER, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto Gonzales, Attorney General, Respondents.**

No. 05–5070–ag.

United States Court of Appeals, Second Circuit.

Dec. 6, 2006.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Douglas P. Morabito, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney, William J. Nardini, Assistant United States Attorney, on the

brief), United States Attorney's Office for the District of Connecticut, New Haven, CT, for Respondents.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES and ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner Igor Yuhter, a native of the former Soviet Union and a citizen of Israel, seeks review of an order of the BIA adopting and affirming an order of Immigration Judge ("IJ") Joanna M. Bukszpan, rescinding his permanent resident status and ordering him removed to Israel. *In re Yuhter*, No. A 71 497 345 (B.I.A. Sept. 1, 2005), *aff'g* No. 71 497 345 (Immig. Ct. New York City Feb. 24, 2004). We assume the parties' familiarity with the underlying facts and procedural history.

On August 26, 1998, Yuhter was accorded permanent resident status as a Diversity Immigrant. In order to qualify as a Diversity Immigrant, Yuhter asserted that he had graduated from high school in Tashkent, Uzbekistan, and he presented a copy of a high school transcript to that effect at his adjustment interview. In August 1998, the Department of Education in Tashkent notified U.S. officials there that the transcript was not authentic. This information was conveyed to immigration authorities through the U.S. Embassy in Moscow in January 1999. Yuhter was then served with a Notice to Appear charging him with being subject to removal because he was an inadmissible alien at the time of his adjustment of status—to wit, he had procured his admission, visa, other documentation, or some other benefit by fraud or by wilfully misrepresenting

a material fact. *See* 8 U.S.C. § 1227(a)(1)(A); *id.* § 1182(a)(6)(C)(i).

Yuhter did not testify before the IJ, relying on documentary evidence and holding the Government to its burden of proof. The IJ found that the Government had proved Yuhter removable by clear and convincing evidence.[1] *See id.* § 1229a(c)(3)(A) ("[T]he Service has the burden of establishing by clear and convincing evidence that, in the case of an alien who has been admitted to the United States, the alien is deportable."); *Monter v. Gonzales*, 430 F.3d 546, 556 (2d Cir. 2005) (discussing deportation proceedings of a permanent resident); *see also* 8 U.S.C. § 1256(a) (stating that it is not necessary to rescind an alien's permanent resident status before commencing removal proceedings and "an order of removal issued by an immigration judge shall be sufficient to rescind the alien's status"). The BIA's opinion adopted and affirmed the IJ's decision, emphasizing certain aspects of that decision. Therefore, we review the IJ's decision directly. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006) ("[W]hen the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision."); *see also Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005) ("Where ... the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions— or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA."). We review the IJ's factual determinations for substantial evidence.[2] *See Francis v. Gonzales*, 442

---

**1.** In 2003, the Government amended Yuhter's Notice to Appear, alleging that Yuhter failed to disclose a prior arrest and conviction on his application for adjustment of status. The IJ, however, did not find Yuhter removable on

that ground, regarding it as a "credibility issue and not as a removability issue."

**2.** Yuhter argues that the BIA's review of an IJ's factual findings under a clearly erroneous standard cannot co-exist with our review of

F.3d 131, 137 (2d. Cir.2006). When the Government bears the burden of proof below, the substantial evidence standard is more demanding than in asylum and withholding of removal cases. *See id.* at 137–39. In order to grant Yuhter's petition for review, we "are not required to find that any rational trier of fact would be compelled to conclude that" Yuhter's transcript was authentic, but "we must find that any rational trier of fact would be compelled to conclude that the proof did not rise to the level of clear and convincing evidence." *Id.* at 138–39.

Upon review of the record, we cannot say that no rational trier of fact could conclude that the Government met its burden of proof. In response to the correspondence first denying the authenticity of the transcript, Yuhter submitted a number of documents testifying to its genuineness and the fact that he had graduated from high school as he claimed. The only such document authenticated by the U.S. Consul in Tashkent was an alleged letter from the director of the school of which Yuhter claimed to be a graduate. The IJ noted that, when the Consul was faxed a copy of this letter by the Government, he replied that the authentication conveyed no judgment as to the validity or truth of the document, and that the earlier judgment of non-authenticity was still considered valid. Yuhter also submitted a letter allegedly from the very Uzbek official who originally informed the U.S. Consulate that the transcript was fraudulent. The IJ questioned the reliability of this letter because a forensic test revealed that the original name and phone number on the UPS waybill used to send the letter had been removed and replaced by the name and number of the Uzbek official who had allegedly written the letter. As for the other documents submitted by Yuhter, such as a certificate from the District Department of Education confirming Yuhter's graduation and an affidavit from his father-in-law attesting to how he received this certificate, the IJ found that such evidence could not overcome the hurdle established by the consular correspondence and by the fact that Yuhter had also provided a false answer on his adjustment-of-status application when asked if he had ever been arrested or convicted of a crime. The IJ also found the Yuhter had failed to respond sufficiently to the IJ's requests for information regarding mandatory secondary school education in the former Soviet Union and for documents in Yuhter's Israeli immigration dossier that would have listed his educational background. Considering this evidence as a whole, we see no reason why a rational trial of fact could not discount the reliability of Yuhter's evidence and find that the consular reports and Yuhter's misrepresentation elsewhere on his application allowed the Government to meet its burden of proof. Although our ruling is based on the administrative record, we note that the Government has informed us, by letter dated November 21, 2006, that the Main Department of Public Education in Uzbekistan has confirmed that no high school diploma was issued in 1997 in the name of Ivan Yuhter by the school in question.

We have considered all of Yuhter's remaining arguments and conclude that they are without merit. For the foregoing reasons, the petition for review is **DENIED.**

Having completed our review, any stay of removal that the Court previously granted in this petition is **VACATED,** and

the agency's factual findings for substantial evidence. If there is any merit to this assertion, it is irrelevant to a case such as this, where we are reviewing the IJ's decision directly.

any pending motion for a stay of removal in this petition is **DENIED** as moot.